# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC NEUFER, | 1:09-cv-01065-GSA-PC |
| Plaintiff, | <u>FIRST SCREENING ORDER</u> |
| v. | ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND WITHIN THIRTY DAYS |
| JAMES A. YATES, et al., | |
| Defendants. | (Doc. 15.) |

**I.    RELEVANT PROCEDURAL HISTORY**

Marc Neufer ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 17, 2009. (Doc. 1.) On April 2, 2010, Plaintiff filed the First Amended Complaint, which is now before the Court for screening. (Doc. 15.)

On July 10, 2009, Plaintiff consented to the jurisdiction of a Magistrate Judge in this action, and no other parties have made an appearance. (Doc. 5.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

**II.   SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

1  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
2  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
3  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
4  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
5  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
6  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

7        A complaint must only contain "a short and plain statement of the claim showing that the
8  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
9  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
10 conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell
11 Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While factual
12 allegations are accepted as true, legal conclusions are not.  Iqbal at 1949. While a plaintiff's
13 allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v.
14 Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation
15 omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that
16 is plausible on its face.'"  Iqbal, 129 S.Ct. at 1964-65.  The mere possibility of misconduct falls short
17 of meeting this plausibility standard.  Id.

18 **III.    SUMMARY OF FIRST AMENDED COMPLAINT**

19       Plaintiff is presently incarcerated at the California Substance Abuse Treatment Facility and
20 State Prison in Corcoran, California.  Plaintiff was incarcerated at Pleasant Valley State Prison
21 ("PVSP") in Coalinga, California, when the events at issue in the First Amended Complaint
22 allegedly occurred.  Plaintiff names as defendants James Yates (Warden, PVSP), Lieutenant James
23 Bennet, Sergeant D. Huckabay, Correctional Officer ("C/O") D. Hatten, C/O J. Lyles, C/O F.
24 Fergoso, C/O D. Macias, C/O N. Garza, Captain Williams, and John Doe (medical).

25       Plaintiff alleges as follows in the First Amended Complaint.  On May 13, 2008, Warden
26 James A. Yates, Captain Williams, Lt. James Bennet, and Sgt. D. Huckabay, supervisors of A-
27 Facility, issued an order for members of the Dollar Bill Gang, a disruptive group, to be segregated,
28 without taking appropriate precautionary measures to restrain the gang members and prevent them

1  from finding out about the segregation plans.  Plaintiff alleges that the gang members found out
2  about the segregation plans and began attacking other inmates on the recreation yard.  Three of the
3  gang members attacked and viciously beat Plaintiff because he is Jewish.  The responding officers,
4  Lt. Bennet, Sgt. Huckabay, C/O Hatten, C/O Lyles, C/O Fergoso, C/O Macias, and C/O Garza,
5  walked over to the scene and gave repetitious verbal commands as they watched Plaintiff suffer an
6  attempt on his life, failing to intervene with force of any kind.   Plaintiff was beaten until he was
7  unconscious.

8  On May 22, 2008, an inmate who was in the segregated housing unit for attacking a Jewish
9  inmate was recruited to "silence" Plaintiff and was deliberately forced into a cell with Plaintiff.

10  On June 5, 2008, prison officials released Plaintiff to D-Facility, knowing that his life was
11  in danger.

12  On December 17, 2008, Plaintiff was threatened by a "homeboy" of the disruptive group and
13  beaten while defending himself.

14  On February 6, 2009, another attempt was made on Plaintiff's life by a cell mate who had
15  been selected by prison officials.  An attempt was made to cover up the incident, but it failed.

16  On May 13, 2009, Plaintiff was attacked and sustained serious injuries to his spine and head.
17  Plaintiff made numerous attempts to inform prison officials and medical personnel that something
18  was seriously wrong with him, but they refused to listen.  Plaintiff was forced to crawl in pain across
19  the yard for meals and medication for six months before MRI testing was done.  Two months after
20  the MRI testing, Plaintiff was seen by a specialist, and emergency surgery was ordered.

21  Plaintiff requests monetary damages and injunctive relief.

22  **IV.   PLAINTIFF'S CLAIMS**

23  The Civil Rights Act under which this action was filed provides:

24  > Every person who, under color of [state law] . . . subjects, or causes to be subjected,
25  > any citizen of the United States . . . to the deprivation of any rights, privileges, or
    > immunities secured by the Constitution . . . shall be liable to the party injured in an
    > action at law, suit in equity, or other proper proceeding for redress.
26
27  42 U.S.C. § 1983.  "Section 1983 . . .  creates a cause of action for violations of the federal
28  Constitution and laws."  <u>Sweeney v. Ada County, Idaho</u>, 119 F.3d 1385, 1391 (9th Cir. 1997)

(internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

### A. Eighth Amendment – Failure to Protect

Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970 (1994); Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. An officer can be held liable for failing to intercede only if he had a "realistic opportunity" to intercede. Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000); Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995).

Plaintiff alleges that defendants Warden James A. Yates, Captain Williams, Lt. James Bennet, and Sgt. D. Huckabay failed to protect him when they issued an order on May 13, 2008 which did not take precautionary measures, resulting in an attack on Plaintiff. Plaintiff appears to claim that these defendants promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor, 880 F.2d at 1045. However, Plaintiff has not set forth sufficient factual matter to state a claim that is plausible on its face. The mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 129 S.Ct. at 1964-65, and courts "are not required to indulge unwarranted inferences," Wal-Mart Stores, 572 F.3d at 681. Plaintiff must allege more specific facts about the nature of the order/policy at issue and Plaintiff's knowledge about it, the defendants' personal participation in promulgating or implementing the order/policy, and how the deficiencies caused Plaintiff to be attacked.

Plaintiff also alleges that defendants Lt. Bennet, Sgt. Huckabay, C/O Hatten, C/O Lyles, C/O Fergoso, C/O Macias, and C/O Garza failed to intervene to protect Plaintiff when he was being attacked by three gang members who beat him until he was unconscious. Plaintiff has not sufficiently demonstrated how each of the defendants acted, or failed to act, in failing to protect him. Plaintiff must allege more specific facts demonstrating that the officers had a realistic ability to intercede.

Plaintiff also alleges that he was threatened or attacked by other inmates on May 22, 2008, December 17, 2008, February 6, 2009, and May 13, 2009. However, Plaintiff has not connected these allegations in any way with actions by any of the defendants.

Based on the foregoing, Plaintiff fails to state a claim for failure to protect under the Eighth Amendment against any of the defendants. Plaintiff shall be granted leave to file a Second Amended Complaint to cure the deficiencies found above.

**B.     Eighth Amendment – Medical Care**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id.

"Under [the deliberate indifference] standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but

5

that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837. "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff claims that he was not given adequate medical care after he sustained serious injuries to his spine and head. However, Plaintiff's allegations do not give rise to a cognizable Eighth Amendment claim for relief. Plaintiff does not demonstrate that any named defendant was deliberately indifferent when treating him for medical conditions. To state an Eighth Amendment medical claim, Plaintiff must allege facts showing that the defendant deliberately acted or failed to act, knowing that Plaintiff was at a substantial risk of serious harm, and causing harm as a result of the defendant's actions. Plaintiff has not done so. Therefore, Plaintiff fails to state a claim for inadequate medical care under the Eighth Amendment.

### C. Doe Defendant

Plaintiff has named a John Doe defendant. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe or Jane Doe defendants cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe. For service to be successful, the Marshal must be able to identify and locate defendants.

### D. Injunctive Relief

Plaintiff seeks injunctive relief via an order directing prison official to provide him with medical treatment. Any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). Based on the nature of the claims at issue in this

action, Plaintiff is not entitled to injunctive relief and is therefore confined to seeking money damages for the violations of his federal rights.

**V.     CONCLUSION**

The Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claims against any of the defendants. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'" The Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. Plaintiff is granted leave to file a Second Amended Complaint within thirty days. Fed. R. Civ. P. 15(a); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

The Second Amended Complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S.Ct. at 1948-49; Jones, 297 F.3d at 934. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants for unrelated issues. In addition, Plaintiff should take care to include only those claims that have been administratively exhausted.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

///

///

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint, filed on April 2, 2010, is dismissed for failure to state a claim, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a Second Amended Complaint curing the deficiencies identified in this order;
3. Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:09-cv-01065-GSA-PC; and
4. If Plaintiff fails to comply with this order, this action will be dismissed in its entirety for failure to state a claim.

IT IS SO ORDERED.

Dated:   **April 19, 2011**              /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE